People v Montpetit (2019 NY Slip Op 01861)





People v Montpetit


2019 NY Slip Op 01861


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

109743

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT W. MONTPETIT, Appellant.

Calendar Date: February 8, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richey, J.), rendered July 27, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of aggravated unlicensed operation of a motor vehicle in the first degree and one count of driving while intoxicated. Consistent with the negotiated plea agreement, defendant agreed to waive his right to appeal and pleaded guilty to both class E felonies with the understanding that, if he successfully completed a treatment program, he would be sentenced to five years of probation. Following his plea of guilty, County Court sentenced defendant, who had successfully completed treatment, to concurrent five-year terms of probation — subject to various conditions. Two months later, defendant was charged with violating certain terms of his probation, including operating a motor vehicle without a license, testing positive for cocaine and snorting oxycodone. Defendant thereafter admitted to violating his probation in exchange for a prison sentence of 1 to 3 years. Accordingly, County Court revoked defendant's probation and imposed concurrent prison terms of 1 to 3 years followed by a three-year conditional discharge. Defendant now appeals, contending only that the sentence imposed was harsh and excessive.
Although "[d]efendant's original waiver of the right to appeal does not preclude his challenge to the resentence" (People v Capone, 160 AD3d 1221, 1221 n [2018], lv denied 31 NY3d 1146 [2018]), given defendant's alcohol-related criminal history, his admitted violation of multiple conditions of his probation and the fact that the agreed-upon sentence imposed was the statutory minimum term for the two class E felonies to which defendant pleaded guilty (see Penal Law § 70.00 [2] [e]; [3] [b]), we find no extraordinary circumstances or abuse of discretion warranting a reduction of the promised resentence in the interest of justice (see People v Regan, 162 AD3d 1414, 1415 [2018]; People v Capone, 160 AD3d at 1221). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.